UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff* § § § | |
| v. § § | Criminal No.: SA-21-CR-161-JKP |
| ANDRES ANTONIO PONCE, *Defendant* § § § | |

<u>Government's Sentencing Memorandum</u>

**TO THE HONORABLE JASON KENNETH PULLIAM, UNITED STATES DISTRICT JUDGE:**

The United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, submits this Sentencing Memorandum in the above referenced case. Andres Antonio Ponce plead guilty to two counts of a two-count Information. Count One of the Indictment charged the Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2); Count Two charged Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The statutory minimum term of imprisonment for Count One is 5 years; and the statutory maximum term of imprisonment for Counts One and Two is 20 years. The Presentence Investigation Report establishes Ponce's adjusted offense level at 36, with a Criminal History Category I, resulting in an advisory sentencing guideline range of 188 to 235 months imprisonment.

**The Sentencing Guidelines are Properly Calculated**

The Defendant's only substantive objection involves the two-level enhancement applied in PSR paragraph 27 pursuant to USSG § 2G2.2(b)(6) for use of a computer. It is true, as noted by the U.S. Sentencing Commission, the computer-use enhancement does "appl[y] in virtually every case." Nonetheless, the enhancement remains, emphasizing the understanding of the

1

exponential increase in resulting harm caused by the use of a computer during the commission of crimes involving child pornography.  The Defendant acknowledges he used his phone, a device recognized as a computer.  However, in Objection No. 2, he states, "[his] use of a phone was for possession of child pornography and was not used to engage in 'personal' distribution by way of a 'closed' P2P file sharing program nor used to enter a 'community.'"  This is a fallacy.  Contrary to the Defendant's assertion that he did not use his phone to "normalize and validate sexual exploitation;" the very act of searching for images of children being sexually assaulted, identifying the images to be saved (possession of child pornography), and then downloading those images (receipt of child pornography), transformed his cell phone into an instrument of criminality.  A digital device, a computer, "normally" intended for good, utilized for evil.  The two-level enhancement is properly applied.

### Government's Sentencing Argument

<u>Consideration of the § 3553 Factors Supports a High-End Sentence</u>:

    1.    The nature and circumstances of the offense and the history and characteristics of the defendant strongly supports a sentence on the high-end of the advisory sentencing guidelines. The Defendant has engaged in child exploitation for many years; reoffending hundreds of children sexually assaulted in the past, while sexually assaulting little girls within his reach.

    2.    A sentence on the high-end of the advisory sentencing guidelines is necessary

        a.  to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offense;

        b.  to afford adequate deterrence to criminal conduct; and

        c.  to protect the public from further crimes of the defendant.

## Additional Statutory Sentencing Provisions

In addition to a term of imprisonment the defendant's sentence must include the following statutory provisions.

1. Supervised Release – for a term between 5 years to Life. The Government requests the Defendant be subject to the terms and conditions of supervised release for LIFE, to include, in addition to the standard terms and conditions, the recommended special conditions articulated in the presentence investigation report.

2. Mandatory Special Assessment of $100.00 pursuant to CVRA (18 U.S.C. § 3013), for each Count.

3. Restitution -- $3,000 to the requesting victim.

4. Mandatory Special Assessments pursuant to the AVAA (18 U.S.C. § 2259A) -- $35,000 for Count One, and $17,000 for Count Two. (Subject to a finding of indigency.)

5. Mandatory Special Assessment pursuant to the TVPA (18 U.S.C. § 3014) -- $5,000. (Subject to a finding of indigency.)

## Asset Forfeiture

The Government requests the forfeiture of assets in accordance with the Indictment and Plea Agreement.

## Conclusion

The Government requests Andres Antonio Ponce be sentenced at the high-end of the advisory sentencing guidelines.

Respectfully submitted,

                    ASHLEY C. HOFF
                    United States Attorney

By:     /s/_____
        BETTINA J. RICHARDSON
        Texas Bar: 00786196
        Assistant United States Attorney
        601 N. W. Loop 410, Suite 600
        San Antonio, TX  78216
        (210) 384-7150; FAX (210) 384-7118

## CERTIFICATE OF SERVICE

I certify that on May 6, 2022, a copy of the foregoing was served electronically on the attorney of record in this case via the CM/ECF system for the United States District Clerk for the Western District of Texas.

                    /s/_____
                    BETTINA J. RICHARDSON
                    Assistant U.S. Attorney